**United States Bankruptcy Court**
**District of South Dakota**

Charles L. Nail, Jr.
Bankruptcy Judge



_____

Federal Building and United States Post Office
225 South Pierre Street, Room 211
Pierre, South Dakota 57501-2463

Telephone: (605) 945-4490
Fax: (605) 945-4491

July 5, 2007

Randall B. Blake, Esq.
505 West 9th Street
Sioux Falls, South Dakota  57104

Angela Ritter
Jay Baker
Post Office Box 322
Hurley, South Dakota  57036

    Subject:    ***In re Gerald James Mangan***
                       Chapter 7; Bankr. No. 07-40112

Dear Mr. Blake, Ms. Ritter, and Mr. Baker:

       The matter before the Court is the Motion for Order Directing Clerk of Court to Discharge Judgment Voided in Bankruptcy filed by Debtor Gerald James Mangan on June 19, 2007.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and subsequent order shall constitute the Court's findings and conclusions under Federal Rules of Bankruptcy Procedure 7052 and 9014.  For the reasons discussed below, Debtor's motion will be granted.[1]

       **Summary.**  On October 10, 2006, Angela Ritter and Jay Baker ("Ritter" and "Baker") obtained a judgment against Gerald James Mangan in state court for $144.00 plus costs and interest.  On March 12, 2007, Gerald James Mangan ("Debtor") filed for relief under chapter 7 of the bankruptcy code.  Debtor listed Ms. Ritter and Mr. Baker as unsecured creditors on his Schedule F.

       On March 14, 2007, the Bankruptcy Clerk served the notice of the commencement of the case on Debtor's creditors, including Ms. Ritter and Mr. Baker.  The notice of commencement of case clearly stated the deadline for filing a complaint objecting to discharge or to determine the dischargeability of a particular debt was June 12, 2007.

_____

       [1] The relevant facts are not in dispute.  The issue presented is purely a question of law.  Thus, no hearing was held.

Re:  *Gerald James Mangan*
July 5, 2007
Page 2

      Neither Ms. Ritter and Mr. Baker nor any of Debtor's other creditors filed a complaint objecting to discharge or to determine the dischargeability of a particular debt.  On June 13, 2007, Debtor was therefore granted a discharge under § 727 of the bankruptcy code.

      On June 19, 2007, Debtor filed a Motion for Order Directing Clerk of Court to Discharge Judgment Voided in Bankruptcy.  Ms. Ritter's and Mr. Baker's judgment was listed in Debtor's motion.  On June 26, 2007, Ms. Ritter and Mr. Baker filed an objection to Debtor's motion, in which they described the circumstances giving rise to their claim against Debtor.

      **Discussion**.  A chapter 7 discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . whether or not discharge of such debt is waived[.]"  11 U.S.C. § 524(a)(1).  Section 524(a)(1) does not require the debtor to do anything to void a judgment.  The discharge *automatically* voids any judgment that represents a determination of the debtor's personal liability for a debt that has been discharged.

      Section 15-16-20 of the South Dakota code establishes the procedure for removing such a judgment from the records of the clerk of court for the county in which it was docketed.  When a debtor receives a bankruptcy discharge, she may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided.  Upon receipt of the bankruptcy court's order, the clerk of court for the county in which the judgment was docketed must enter it in the judgment docket.  This has the effect of discharging the listed judgments from and after that date.

      The Court certainly understands Ms. Ritter's and Mr. Baker's desire not to have their judgment discharged.  However, they received timely notice of Debtor's bankruptcy, and they did not object to Debtor's discharge or to the dischargeability of their claim.  Their claim was therefore discharged on June 13, 2007, and their judgment was voided on that same date.  Debtor is thus entitled to the relief requested in his motion.  The Court will enter an appropriate order.

                                             Sincerely,

                                             Charles L. Nail, Jr.
                                             Bankruptcy Judge

**On the above date, a copy of this document was mailed or faxed to the parties shown on the attached Service List.**

**Frederick M. Entwistle**
**Clerk, U.S. Bankruptcy Court**
**District of South Dakota**

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

cc:  case file (docket original; serve parties in interest)

Gerald James Mangan
7436 West Stoney Creek Street
Unit # 45
Sioux Falls, SD 57106

Jay Baker
PO Box 322
Hurly, SD 57036

Angela Ritter
PO Box 322
Hurley, SD 57036